## Commonwealth v. Puppo

*M. Luther Harter*, for Commonwealth.
*Frederick E. Lark*, for defendant.

TROUTMAN, J., May 26, 1948.—On October 23, 1947, the Department of Revenue officially notified appellant, William Puppo, of the indefinite suspension of his motor vehicle operating privileges, giving as the reason thereof his failure to appear for a hearing before a representative of the department on September 15, 1947. On November 22, 1947, Puppo filed a petition for the allowance of an appeal from the action of the Secretary of Revenue and the matter came on for hearing before this court on February 24, 1948. At the time of the hearing, counsel for the Commonwealth made a motion that the appeal be dismissed for the reason that the failure to appear at a hearing constitutes a ground for suspension of a license.

The evidence taken upon the hearing on the appeal shows that appellant was notified by the Department of Revenue to appear at a hearing held before an examiner of said department on September 15, 1947. The reason for the hearing on September 15, 1947, does not

appear in the testimony. It is admitted that Puppo did not appear at this hearing and admitted that he had received a letter notifying him of the suspension of his operator's license.

The reason given by Puppo for his nonappearance was that he had met with an accident the day before the date of the hearing and was confined to his home on account of injuries for a period of five days and was physically unable to attend the hearing. Puppo did not make any effort to have the department schedule another hearing on a date subsequent to September 15, 1947. Likewise, the Department of Revenue did not schedule a subsequent hearing, but on October 23, 1947, without affording Puppo an opportunity to explain his failure to appear at the prior hearing, caused the suspension of his operating privilege for an indefinite period.

This appeal was originally fixed for a hearing on January 5, 1948, at which time a suggestion was made that counsel for the Commonwealth determine whether the department would not give this appellant an opportunity to be heard, and upon the hearing of the appeal, the attorney for the Commonwealth stated that the department would not follow this suggestion.

According to the official notification of withdrawal issued by the Department of Revenue (Commonwealth's Exhibit No. 1) under the heading reason for withdrawal, there appears "Failure to appear for a hearing 9-15-47", and citing "Section 615 of Act 403 Approved May 1, 1929, as amended by Act 263 Approved June 22, 1931." The Department of Revenue in its reason for withdrawal failed to cite amendments made to this section by the Act of June 29, 1937, P. L. 2329, and the Act of June 27, 1939, P. L. 1135, sec. 9.

Section 615 (*b*) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192, provides as follows:

"(b). The secretary may suspend the operator's license or learner's permit of any person, after a hear-

ing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

"7. That any such person involved in an accident by motor vehicle, or in any violation of this act, has failed to attend or appear at a hearing before the secretary or his representatives after being properly notified."

Section 615(*b*) of the Act of 1929, P. L. 905, provided:

"(b). The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the secretary finds upon sufficient evidence:", and then follows three reasons for the suspension of said license. The Act of June 22, 1931, P. L. 751, amended the Act of 1929 by adding a new paragraph numbered 4 under subsection (*b*). The Act of 1937, P. L. 2329, further amended section 615(*b*) by adding two additional reasons for suspension, numbered 5 and 6. The Act of June 27, 1939, P. L. 1135, sec. 9, further amended section 615(*b*) in that it eliminated the clause "or upon failure of the said person to appear at such hearing," and added an additional reason for the suspension of a license, numbered 7, which is hereinabove quoted. The new paragraph numbered 7 provides for the suspension by the secretary when any person involved in any violation of this act has failed to attend or appear at a hearing after being properly notified.

Section 615(*a*) gives the power to the secretary to suspend the operating privilege of any person, *with or without a hearing* and then lists the specific grounds for the exercise of such power. It will be noticed that section 615(*b*) provides that the secretary may suspend an operator's license, *after a hearing*, for the reasons that are enumerated following said subsection (*b*). Originally the Act of 1929, sec. 615(*b*), as amended up to 1939 provided that the secretary may suspend after a hearing, *or upon failure of the said*

*person to appear at such hearing.* With the elimination of this clause by the Act of 1939 the act now in force clearly provides that the secretary may suspend the operator's license *after a hearing* before the secretary and his representative and then lists seven situations in which the secretary may exercise such power, the seventh reason being a person's failure to attend or appear at a hearing. It would seem therefore, that since the Act of 1939, the secretary cannot suspend an operator's license where he fails to appear at a hearing until after he has afforded the person a subsequent hearing.

In the Appeal of Andrew Anderson Aites, no. 298, June term, 1945, Court of Common Pleas of Armstrong County, the court passed upon paragraph 7 of section 615(*b*), Act of 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1335. The court in its opinion considered the wording of paragraph 7 but did not interpret the heading of said paragraph 7 which is section 615(*b*). In that case the court held that appellant's failure to appear gave the secretary the right to suspend his license and although the court dismissed the appeal it directed that appellant's operating privilege be not suspended until a hearing was had before the Secretary of Revenue or his representative.

The legislature, by the amendment of 1939, eliminated the clause in section 615(*b*) which read "or upon failure of said person to appear at such hearing", and by making failure to appear a separate cause for suspension, paragraph numbered 7 now provides that *after a hearing* the secretary may suspend an operator's license of any person whenever the secretary finds upon sufficient evidence that any such person involved in an accident or any violation of this act has failed to attend or appear at a hearing before the secretary or his representatives after being properly notified. In the opinion of the court, where a person who has been duly notified to appear before the secretary fails to make his appearance or attend the hear-

ing, then the secretary must notify such person to appear at a subsequent hearing, for the purpose of determining his failure to appear at the first hearing. The purpose of the amendment of 1939 was evidently to give such a person an opportunity to explain his failure to appear at the former hearing. If he should fail to appear at the subsequent hearing, then, of course, the secretary could then act because he then had afforded the person the opportunity of explaining his absence at the prior hearing. It appears to be the only logical explanation that could give any effect to the amendment of 1939.

Under the facts of this appeal, the court is of the opinion that appellant had good reason for not appearing at the hearing scheduled on September 15, 1947. While Puppo should have explained his absence when it appeared that his injuries would prevent him from attending the hearing, nevertheless, under the interpretation given to section 615(b) by the department, his operating privilege could have been suspended notwithstanding his excuse. It was evidently cases such as this which prompted the legislature to amend The Vehicle Code in this respect by the Act of 1939, supra.

While notices and processes of administrative agencies should be obeyed, nevertheless, to withdraw a person's operating privileges indefinitely for failure to appear, without giving the person a chance to explain his absence does not appear to be just, particularly under the circumstances of this case.

We are of the opinion that under our interpretation of section 615(b), paragraph 7, appellant in this case has a right to be heard at a hearing before the secretary or his representative and explain the reason for his failure to appear at a former hearing. The excuse given by appellant for his failure to appear appears to have merit, and in fairness to him it should be considered by the secretary or his representative. Therefore, the appeal should be sustained and the Secretary

of Revenue directed to fix a time for a hearing to determine whether the evidence is sufficient to suspend his operator's license for his failure to attend the hearing on September 15, 1947.

### Order

And now, to wit, May 26, 1948, the appeal of William Puppo from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania made October 23, 1947, suspending his operator's license for an indefinite period, is sustained and the said Secretary of Revenue is hereby ordered and directed to fix a time for a hearing to determine whether there is sufficient evidence to suspend the operator's license of appellant, William Puppo, for his failure to attend or appear at a hearing held on September 15, 1947. Costs to be paid by appellant.